LAW OFFICES
# GUZZARDO & ASSOCIATES LLC

Joseph Guzzardo, Esq.
jguzzardo@guzzardolaw.com
Licensed in Pennsylvania and New Jersey
Pa. Id. No.95089
N.J. Id. 045892004

121 S. Broad Street
Suite 1600
Philadelphia, PA 19107
Telephone (215) 718-6691
http://www.guzzardolaw.com

New Jersey Office
20 Brace Rd.
Suite 350
Cherry Hill
New Jersey 08034

June 15, 2021

**<u>Via E-Filing</u>**
**The Honorable Renee Marie Bumb, USDJ**
**Mitchell H. Cohen Building**
**4th and Cooper Streets**
**Camden, NJ 08101**

Re:   Evangelista et. al. v. The Housing Authority of the City of Camden et. al.
      No. 20-16824

Dear Judge Bumb,

Please accept Plaintiffs' brief response to Defendants' letter requesting leave to file a motion for judgement on the pleadings.

Defendants' argue that Plaintiffs' civil action for first amendment retaliation is futile as a matter of law because Plaintiffs speech – reporting the criminal activity of their co-worker – is not protected under the first amendment. In support of their argument, Defendants principally rely on an unreported 2012 opinion, <u>Morris v. Philadelphia Hous. Auth.</u>, 487 F. App'x 37 (3d Cir. 2012), for the proposition that the standard for determining whether a government employee's speech is entitled to first amendment protection is whether the employee "reported alleged employee misconduct up the chain of command." If so, according to Defendants, the employee's speech does not enjoy first amendment protection. In making their argument, Defendants ignore ten plus years of Supreme Court and Circuit Court precedent that followed their chosen unreported opinion, and which clearly dictates that Plaintiffs' Complaint sets forth a prima facia claim for relief.

As will be set forth in greater detail below, the correct standard, as stated by the Supreme Court in <u>Lane v. Franks</u>, 573 U.S. 228, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014), is whether Plaintiffs' speech was "ordinarily within the scope of [their] duties." Plaintiffs' Complaint makes clear that reporting the criminal activity of their co-workers, akin to an internal affairs agent, was decidedly not their job function.

I. **PLAINTIFFS ALLEGE THE FOLLOWING FACTS IN THEIR COMPLAINT AS TO THEIR JOB DUTIES.**

Plaintiff Evangelista retired from the police force and began his career with HACC in 2000 as a security supervisor. In this role, Plaintiff was responsible for supervising the security guards who monitored HACC housing units. ***Plaintiff's job duties were not set forth in writing***. HACC recognized Plaintiff's exceptional work and promoted him to Director of Security around the year 2006. Plaintiff's duties were expanded to include ***security guard scheduling, payroll and hiring/firing of security personnel***. Plaintiff's job duties were not set forth in writing. Finally, in or around the year 2013, Plaintiff was again promoted and his duties expanded to include ***insurance claim management for issues such as slip and fall accidents*** and property damage claims.

Ms,. Fussell began her employment with HACC in 2010 as ***a housing specialist***. **Plaintiff's duties did not include receiving complaints from tenants**.[1] Plaintiff, Fussell, also served as the Chief Union Shop Steward for the American Federation of State Municipal Employees, Local 3441.

II. **CONTROLLING LEGAL STANDARD: SPEAKING AS A CITIZEN OR EMPLOYEE**

The recent Third Circuit appellate decision is <u>Javitz v. Cty. of Luzerne</u>, 940 F.3d 858, 864–66 (3d Cir. 2019) concisely summarizes the Third Circuit's ***current*** standard on the subject

issue and makes clear that, "while it is commonplace for ethics codes and employee handbooks to encourage reporting wrongdoing, ***absent some formal job duty or responsibility***, such encouragement is not enough to bring an employee's reporting into the realm of her official duties—that is, the realm of employee speech."

The <u>Javitz</u> opinion is predicated in large part upon the Supreme Court's decision in <u>Lane</u>, *Supra*, and its progeny, which operate on the principal that "the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech." *Id.* at 240, 134 S.Ct. 2369. Thus, the "critical question" is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.*

In <u>Javitz</u>, the Plaintiff, a county employee, reported a fellow employee's crime and alleged she was terminated as a result. In determining that Javitz's speech was not within her normal job duties, the Appellate Court found that "nowhere in her job duties was she instructed to report crimes." The Appellate Court then went further and rejected the Defendant-Appellee's argument that the County Ethics Code mandated the reported of crimes as evidence that <u>Javitz</u> was acting as an employee. The Appellate court reasoned that while it is commonplace for ethics codes and employee handbooks to encourage reporting wrongdoing, and absent some formal job duty or responsibility, such encouragement is not enough to bring Javitz's reporting into the realm of her official duties—that is, the realm of employee speech." Id. A copy of the Javitz opinion is attached for the court's convenience.

---

1 A housing specialist is a low-level administrative position completely unrelated to deciding whether an applicant ultimate receives housing.

### III. DEFENDANTS SHOULD NOT BE PERMITTED TO FILE A MOTION THAT HAS NO LEGAL BASIS

Defendants repeatedly argue in their letter that which the Supreme Court has specifically rejected: That Plaintiffs' were speaking as employees because "Plaintiffs learned of the alleged misconduct by virtue of the fact that they were HACC employees, and their statements to Figueroa related almost exclusively to HACC employees and HACC residents." See Defendant letter at page 3. Defendants are either completely unaware of the Lane decision or choose to ignore it. The Lane court makes extremely clear that ***"the mere fact that a citizen's speech concerns information acquired by virtue of his public employment*** does not transform that speech into employee—rather than citizen—speech." *Id.* at 240, 134 S.Ct. 2369. Thus, the "critical question" is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.*

Here, as in Javitz, there is no evidence whatsoever, much less any allegation in Plaintiffs' Complaint, stating that it was Plaintiffs' specific job duty to report and investigate the criminal activity of their co-workers. Neither Plaintiff worked in the Human Resource or Legal Department, which one would assume are the traditional departments responsible for such duties. Defendants' reliance on a 2012 unreported opinion speaks volumes about their belief in the merits of their request. Permitting Defendants to file a motion for judgment on the pleadings when they chose not to file an equally fruitless Motion for Dismiss under Rule 12b6 would accomplish nothing other increased costs for both parties and substantial delay.

                                                   Respectfully submitted,

BY:    /s/Joseph P. Guzzardo, Esq.
            Joseph P. Guzzardo, Esquire
            Attorney for Plaintiffs