UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY EVANGELISTA, and KABERIA FUSSELL,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOUSING AUTHORITY OF THE CITY OF CAMDEN, VICTOR D. FIGUEROA, in his official and individual capacity, KATHERYN BLACKSHEAR, in her official and individual capacity, and DEBBIE PERSON-POLK, in her official and individual capacity,<br><br>Defendants. | Case No.: 1:20-cv-16824-KMW-EAP |

**VERDICT SHEET**

**November 14, 2025**

11-17-25

## **VERDICT FORM**

We, the jury, find the following special verdict on the questions submitted to us based upon the preponderance of the evidence.

### **QUESTION 1 - PLAINTIFF GARY EVANGELISTA**

**Question 1A:**

Was Plaintiff Gary Evangelista's actions in reporting matters related to the misconduct of Director of Asset Management Malcom Isler a matter of public concern?

Yes  ✓        No  _____

*IF THE ANSWER TO QUESTION 1A IS **YES**, PROCEED TO QUESTION 1B. IF **NO**, PROCEED TO QUESTION 1C.*

**Question 1B:**

Was it within Plaintiff Gary Evangelista's job duties to report the misconduct of Director Malcom Isler?

Yes  _____        No  ✓

*PROCEED TO QUESTION 1C.*

**Question 1C:**

Do you believe, factually, that Mr. Evangelista's refusal to identify the sources of his information related to Ortiz's complaint was within the scope of his employment?

Yes  _____        No  ✓

*IF THE ANSWER TO QUESTION 1C IS **YES**, PROCEED TO QUESTION 2A ONLY IF YOU ANSWERED **YES** TO 1A AND **NO** TO 1B. OTHERWISE, PROCEED TO QUESTION 4.*

*IF THE ANSWER TO QUESTION 1C IS **NO**, PROCEED TO QUESTION 1D.*

2

**Question 1D:**

Do you find that Mr. Evangelista's termination as it relates to his refusal to identify the sources of his information violated his First Amendment Rights?

Yes  ✓   No  _____

*IF YOU ANSWER **YES** TO QUESTION 1D, PROCEED TO QUESTION 2A. IF **NO**, PROCEED TO QUESTION 4.*

## QUESTION 2- DEFENDANTS

**Question 2A– Victor Figueroa:**

Has Plaintiff Gary Evangelista proven to you by a preponderance of the evidence that Executive Director Victor Figueroa retaliated against him by terminating his employment because he reported the misconduct of Malcom Isler due to the relationship between Isler and Deputy Director Kathryn Blackshear and/or Chairperson Deborah Person-Polk?

Yes  ✓       No  _____

*PROCEED TO QUESTION 2B.*

**Question 2B – Kathryn Blackshear:**

Has Plaintiff Gary Evangelista proven to you by a preponderance of the evidence that Deputy Executive Director Kathryn Blackshear retaliated against him by terminating his employment because he reported the misconduct of Malcom Isler due to the relationship between Isler and herself and/or Chairperson Deborah Person-Polk?

Yes  ✓       No  _____

*PROCEED TO QUESTION 2C.*

**Question 2C – Deborah Person-Polk:**

Has Plaintiff Gary Evangelista proven to you by a preponderance of the evidence that Chairperson Deborah Person-Polk retaliated against him by terminating his employment because he reported the misconduct of Malcom Isler due to the relationship between Isler and herself and/or Deputy Executive Director Kathryn Blackshear?

Yes  _____       No  ✓

*PROCEED TO QUESTION 2D.*

**Question 2D – Housing Authority of the City of Camden:**

Has Plaintiff Gary Evangelista proven to you by a preponderance of the evidence that the Housing Authority of the City of Camden retaliated against him in the form of a custom, pattern, practice or policy because he reported the misconduct of Malcom Isler due to the relationship between Isler and Deputy Executive Director Kathryn Blackshear and/or Deborah Person-Polk?

Yes ✓      No _____

*IF THE ANSWER TO EITHER QUESTIONS 2A, 2B, 2C, OR 2D ARE **YES**, PROCEED TO QUESTION 3A . IF THE ANSWER TO 2A, 2B, 2C, AND 2D ARE **ALL NO**, PROCEED TO QUESTION 4A.*

## QUESTION 3 - GARY EVANGELISTA DAMAGES

**Question 3A:**

Do you, the jury, find that Plaintiff Gary Evangelista has proven by a preponderance of the evidence that he suffered lost earnings as a result of Defendants' conduct?

Yes  ✓   No  _____

*IF THE ANSWER TO DAMAGES QUESTION 3A IS YES, PROCEED TO QUESTION 3B. IF NO, PROCEED TO QUESTION 3C.*

**Question 3B:**

How much do you award in lost earnings to Plaintiff Gary Evangelista from Defendants?

$ 510,891.00 TOTAL

*PROCEED TO QUESTION 3C.*

**Question 3C:**

Do you, the jury, find that Plaintiff Gary Evangelista has proven by a preponderance of the evidence that he suffered emotional distress, mental anguish, and/or loss of enjoyment of life as a result of Defendants' conduct?

Yes  ✓   No  _____

*IF THE ANSWER TO DAMAGES QUESTION 3C IS **YES**, PROCEED TO QUESTION 3D. IF **NO**, PROCEED TO QUESTION 4A.*

**Question 3D:**

How much do you award in compensatory damages to Mr. Evangelista (for emotional distress, mental anguish, and/or loss of enjoyment of life) from Defendants?

$ 750,000.00 TOTAL

*PROCEED TO QUESTION 4A.*

## QUESTION 4 – KABERIA FUSSELL

**Question 4A:**

Was Plaintiff Kaberia Fussell's actions in reporting matters related to the misconduct of Director of Asset Management Malcom Isler a matter of public concern?

Yes  ✓        No  _____

*IF THE ANSWER TO QUESTION 4A IS **YES**, PROCEED TO QUESTION 4B. IF **NO**, CEASE DELIBERATIONS AND NOTIFY THE COURT ATTENDANT.*

**Question 4B:**

Was it within Plaintiff Kaberia Fussell's job duties to report the misconduct of Malcom Isler?

Yes  _____        No  ✓

*IF THE ANSWER TO QUESTION 4B IS **NO**, PROCEED TO QUESTION 5A. IF **YES**, CEASE DELIBERATIONS AND NOTIFY THE COURT ATTENDANT.*

**QUESTION 5 - DEFENDANTS**

**Question 5A – Victor Figueroa:**

Has Plaintiff Kaberia Fussell proven to you by a preponderance of the evidence that Executive Director Victor Figueroa retaliated against her by terminating her employment because she reported the misconduct of Malcom Isler due to the relationship between Isler and Deputy Director Kathryn Blackshear and/or Chairperson Deborah Person-Polk?

Yes ✓    No ____

*PROCEED TO QUESTION 5B.*

**Question 5B – Kathryn Blackshear:**

Has Plaintiff Kaberia Fussell proven to you by a preponderance of the evidence that Deputy Executive Director Kathryn Blackshear retaliated against her by terminating her employment because she reported the misconduct of Director of Asset Management Malcom Isler due to the relationship between Isler and herself and/or Chairperson Deborah Person-Polk?

Yes ✓    No ____

*PROCEED TO QUESTION 5C.*

**Question 5C – Deborah Person-Polk:**

Has Plaintiff Kaberia Fussell proven to you by a preponderance of the evidence that Chairperson Deborah Person-Polk retaliated against her by terminating her employment because she reported the misconduct of Malcom Isler due to the relationship between Isler and herself and/or Deputy Executive Director Kathryn Blackshear?

Yes ____    No ✓

*PROCEED TO QUESTION 5D.*

**Question 5D – Housing Authority of the City of Camden:**

Has Plaintiff Kaberia Fussell proven to you by a preponderance of the evidence that the Housing Authority of the City of Camden retaliated against her in the form of a custom, pattern, practice or policy because she reported the misconduct of Malcom Isler due to the relationship between Isler and Deputy Executive Director Kathryn Blackshear and/or Deborah Person-Polk?

Yes  ✓          No  _____

*IF ONE OR MORE ANSWERS TO QUESTIONS 5A, 5B, 5C, OR 5D ARE **YES**, PROCEED TO QUESTION 6A. IF THE ANSWER TO 5A, 5B, 5C, AND 5D ARE **ALL NO**, CEASE DELIBERATIONS AND NOTIFY THE COURT ATTENDANT.*

## QUESTION 6 – KABERIA FUSSELL DAMAGES

**Question 6A:**

Do you, the jury, find that Plaintiff Kaberia Fussell has proven by a preponderance of the evidence that she suffered emotional distress, mental anguish, and/or loss of enjoyment of life as a result of Defendants' conduct?

Yes  ✓     No  _____

*IF THE ANSWER TO DAMAGES QUESTION 6A IS **YES**, PROCEED TO QUESTION 6B. IF **NO**, CEASE DELIBERATIONS AND NOTIFY THE COURT ATTENDANT.*

**Question 6B:**

How much do you award in compensatory damages to Plaintiff Kaberia Fussell for emotional distress, mental anguish, and/or loss of enjoyment of life from Defendants?

$ 450,000.00   TOTAL

PROCEED TO QUESTION 7A and 7B.

11

**Question 7A**

Do you find that it is more likely than not that Ms. Blackshear acted maliciously or wantonly in violating Mr. Evangelista's Federal rights?

Yes ✓             No _____

**Question 7B**

Do you find that it is more likely than not that Ms. Blackshear acted maliciously or wantonly in violating Ms. Fussell's Federal rights?

Yes ✓             No _____

*CEASE DELIBERATIONS AND NOTIFY THE COURT ATTENDANT.*

1. How much do you award in punitive damages to Plaintiff Kaberia Fussell from Kathryn Blackshear?

$ 2,500.00  TOTAL

2. How much do you award in punitive damages to Plaintiff Gary Evangelista from Kathryn Blackshear?

$ 2,500.00  TOTAL