**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GARY EVANGELISTA and KABERIA FUSSELL,<br>Plaintiffs,<br>v.<br>HOUSING AUTHORITY OF THE CITY OF CAMDEN, *et al.*,<br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:20-cv-16824 (KMW-EAP)<br><br>**OPINION** |

APPEARANCES:

**Matthew Moroney, Esq.**
**Jeffrey Tenthoff, Esq.**
GOLDBERG, MILLER & RUBIN P.C.
121 South Broad St., Suite 1500
Philadelphia, PA 19107

**Joseph P. Guzzardo, Esq.**
GUZZARDO & ASSOCIATES
121 South Broad St., Suite 1600
Philadelphia, PA 19107

*Counsel for Plaintiffs Gary Evangelista and Kaberia Fussell*

**Louis R. Lessig, Esq.**
BROWN AND CONNERY LLP
360 Haddon Avenue
Westmont, NJ 08108

**Andrew S. Brown, Esq.**
FISHER PHILLIPS
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974

*Counsel for Defendants Housing Authority of the City of Camden, Victoria Figueroa, Katherine Blackshear, and Deborah Person-Polk*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF No. 213.) After prevailing at trial on their claims against the Housing Authority of the City of Camden ("HACC"), Victor Figueroa, and Katherine Blackshear, but not against Defendant

Deborah Person-Polk, Plaintiffs now seek attorneys' fees and costs pursuant to 42 U.S.C. § 1988. For the reasons that follow, Plaintiffs' motion is granted in part and denied in part. Plaintiffs are awarded $245,037.50 in attorneys' fees as calculated by the lodestar. Plaintiffs may also submit to the Clerk of Court invoices for the items this Court has deemed taxable or recoverable as expenses under § 1988, pursuant to Local Civil Rule 54.1.

## II. BACKGROUND

After several years of litigation and a jury trial in November 2025, a jury found Defendants HACC, Figueroa and Blackshear liable for retaliating against Plaintiffs in violation of the Free Speech clause of the First Amendment to the United States Constitution and awarding compensatory and punitive damages. Judgment was entered in favor of Evangelista and against Defendants HACC, Figueroa, and Blackshear in the amounts of $510,891 for lost earnings and $750,000 for compensatory damages. The jury also awarded Evangelista punitive damages against Blackshear in the amount of $2,500. With respect to Fussell, the jury awarded compensatory damages against HACC, Figueroa and Blackshear in the amount of $450,000, and punitive damages against Blackshear in the amount of $2,500. The jury found no cause of action against Person-Polk.

Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59. Defendants sought a substantial remittitur of the compensatory damage award. By Opinion and Order dated September 24, 2026, the Court denied Defendants' motion to the extent Defendants sought judgment as a matter of law or a new trial, and granted the motion insofar as Defendants requested

remittitur of the compensatory damage award. Plaintiffs were granted thirty days to accept the remittitur, or there would be a new trial on damages.[1]

Plaintiffs now seek attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs represent that a total of 704.7 hours were expended on this matter. Plaintiffs' trial counsel, Matthew Moroney and Joseph Guzzardo, cumulatively billed 578.7 hours at $375 per hour. (Pls.' Br. 4-5, Dkt. No. 213-1.) Other attorneys representing Plaintiffs billed a total of 95.6 hours at rates of $250 and $375 per hour. (*Id.* at 5.) In addition, paralegals spent 30.4 hours assisting in this matter at a rate of $125 per hour. (*Id.*) Although Plaintiffs seek $250,112.50, by the Court's calculation the total fees were $249,262.50. (*Id.* at 4-5.)[2] Plaintiffs also seek costs in the amount of $16,246. (*Id.* at 7.) Further, Plaintiffs seek an enhancement of fees at a rate of 25%. (*Id.* at 5-7.) Together with costs and the requested enhancement, Plaintiffs request a sum of $328,886. (*Id.* at 7.)

## III. LEGAL STANDARDS

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States," in certain civil rights actions delineated in the statute, to recover "a reasonable attorney's fee as part of the costs[.]" "[T]he statute does not explain what Congress meant by a 'reasonable' fee, and therefore the task of identifying an appropriate methodology for determining a 'reasonable' fee was left for the courts." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). The "lodestar" formula, "which requires multiplying the number of hours

[1] Defendants oppose the motion for attorneys' fees in part on the basis that the motion is premature given the pendency of the motion for judgment as a matter of law and/or new trial. (Opp'n Br. 2-4, Dkt. No. 216.) As the Court has now denied the motion for judgment as a matter of law and/or new trial, the Court rejects Defendants' argument that the instant motion for an award of costs and fees is premature.

[2] This $850 discrepancy is due to an error in Plaintiffs' calculation of paralegal time. Plaintiffs seek reimbursement of 30.4 hours of paralegal time at $125 per hour, which results in a calculation of $3,800, not $4650 as claimed by Plaintiffs.

reasonably expended by a reasonable hourly rate[,]" *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001), has become the "guiding light" in determining a reasonable fee. *Perdue*, 559 U.S. at 551 (internal citation omitted). The Third Circuit has indicated that the "lodestar" is a "presumptively reasonable fee." *Planned Parenthood of Cent. New Jersey v. Att'y Gen. of State of New Jersey*, 297 F.3d 253, 265 n.5 (3d Cir. 2002).

The party seeking attorneys' fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). "In a statutory fee case, the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Id.* The court cannot "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989).

## IV. DISCUSSION

Defendants do not dispute that Plaintiffs are the prevailing party, nor do they dispute that the lodestar method is the appropriate method of computing a reasonable fee. Moreover, Defendants do not dispute the reasonableness of the hourly rates charged by Plaintiffs' counsel. Defendants argue only that some of the time billed by Plaintiffs should be excluded from the lodestar. In particular, Defendants seek to exclude (1) hours expended on unsuccessful claims, which include Fussell's claim for First Amendment retaliation based on union association, as such claim was dismissed on summary judgment, and Plaintiffs' claims against Person-Polk, for which the jury returned a verdict in favor of Person-Polk; (2) duplicative billing; (3) block billing; and

(4) billing which was not sufficiently specific. (Opp'n Br. 6-10, Dkt. No. 216.)[3] For the reasons that follow, the Court shall award Plaintiffs a reasonable fee for the work expended in this case, with a slight reduction in the amount of fees and expenses requested for unsuccessful claims.

**A. Unsuccessful Claims**

"A defendant should not 'be required to compensate a plaintiff for attorney hours devoted to the case against other defendants . . . who are found not to be liable.'" *Rode*, 892 F.2d at 1185 (quoting *Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208, 1214 (3d Cir. 1978)). "However, attorney hours 'fairly devoted' to one defendant that also support the claims against other defendants are compensable." *Id.* (quoting *Baughman*, 583 F.2d at 1215.) Accordingly, if a plaintiff can establish that hours were "fairly devoted to the prosecution" of the claims against the defendants over whom the plaintiff prevailed, as well as the claims against defendants who are found not liable, a plaintiff may recover for such hours worked. *Id.*

Defendants identify 5.3 hours of attorney and paralegal time, totaling $1,912.50 in fees, and $356.30 in expenses, that are related solely to Fussell's claim that was dismissed on summary judgment. (Opp'n Br. 7-8.) In addition, Defendants identify 7.7 hours of attorney and paralegal time, totaling $2,312.50 in fees, and $322.00 in expenses, that are related solely to Plaintiffs'

[3] Defendants also argue that Plaintiffs' request for a fee enhancement should be denied. (Opp'n Br. 11-13.) Plaintiffs requested a 25% fee enhancement pursuant to *Rendine v. Pantzer*, 661 A.2d 1202 (N.J. 1995). (Pls.' Br. 5-7.) Defendants argue that *Rendine* addresses an enhanced fee within the context of the New Jersey Law Against Discrimination, which was not the basis of Plaintiffs' claims here, and that enhanced fees are not available under federal fee-shifting statutes except in "very rare circumstances[.]" (Opp'n Br. 11-12) (citing *Hightower v. Ingerman Mgmt. Co.*, No. 17-8025, 2022 WL 17543310 (D.N.J. Dec. 2, 2022)). Defendants contend that Plaintiffs fail to meet this high standard to justify an enhancement of their fee. (*Id.* at 12.) In reply, Plaintiffs state only that "Plaintiffs' counsel agrees with the cases cited in the Defendants' brief on the request for an enhancement." (Pls.' Reply 5 n.4, Dkt. No. 218.) The Court construes Plaintiffs' reply as a concession that they are not entitled to a fee enhancement and abandonment of their request for same.

claims against Person-Polk for which Plaintiffs were unsuccessful at trial. (*Id.* at 9.) Though the sum of these fees and expenses represents less than 2% of the fees and expenses sought by Plaintiffs in this fee application, Defendants ask the Court to reduce the lodestar by 15% for each unsuccessful claim, for a 30% overall reduction. (*Id.* at 7-8.) Defendants note that a percentage reduction of the lodestar is appropriate when "the Court is unable to differentiate which hours were spent on the successful from the unsuccessful claims[.]" (*Id.* at 6.)

The Court shall exclude those hours identified by Defendants that were expended solely in pursuit of the claims on which Plaintiffs were not successful but rejects Defendants' request for an overall reduction of the lodestar by 30%. Fussell's claim for First Amendment retaliation based on union association was a distinct claim from the First Amendment claims that survived summary judgment, as evidenced by Defendants' ability to pinpoint those items in Plaintiffs' billing records that reflect the time spent exclusively on such claim. Similarly, with respect to the remaining First Amendment retaliation claims, Defendants have also identified the limited time that can be characterized as devoted solely to the unsuccessful claims against Person-Polk. It appears that the remaining work was largely required whether the unsuccessful claims against Person-Polk were pursued or not.[4] As noted above, attorney time that is "'fairly devoted' to one defendant that also support[s] the claims against other defendants" is compensable. *Rode*, 892 F.2d at 1185 (quoting *Baughman*, 583 F.2d at 1215). Given that the time and expenses relating solely to the unsuccessful claims were identified by Defendants, the Court will deduct such time and expenses from Plaintiffs' request but declines to impose an overall percentage reduction for time spent on these unsuccessful claims.

---

[4] Defendants do not, for example, identify witnesses at trial that were only called to address Plaintiffs' claims against Person-Polk or evidence that came in only in connection with the claims against Person-Polk.

**B. Duplicative Billing**

In considering a fee application, the Court should exclude those hours that are "'excessive, redundant, or otherwise unnecessary.'" *Loughner*, 260 F.3d at 178 (quoting *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). A reduction in fees may be appropriate when the court, in its discretion, finds the hours claimed to be significantly greater than those required. *See Washington v. Philadelphia Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1039 (3d Cir. 1996) (district court did not err in reducing attorney fee petition where court found that hours claimed by counsel were excessive and unreasonable).

Defendants contend that two time entries by Plaintiffs' counsel – one on January 20, 2024 for 9.7 hours and one on January 21, 2024 for 9.0 hours – described as "response to MSJ" are duplicative. (Opp'n Br. 10.) Plaintiffs respond that Defendants' motion for summary judgment "necessitated a well-researched response, and also involved a thoughtful response that cited to deposition testimony and other evidence." (Pls.' Reply 3, Dkt. No. 218.) Plaintiffs note that they billed thirty hours in total for responding to the summary judgment motion, and they argue that the time billed is appropriate. (*Id.*)

Defendants' summary judgment motion, with exhibits, was 750 pages, including deposition transcripts, discovery responses and additional exhibits. (Dkt. No. 91.) Plaintiffs' opposition consisted of a 38-page brief, a response to Defendants' statement of facts, Plaintiffs' statement of material facts, and sixteen exhibits, totaling nearly 2,000 pages. (Dkt. No. 96.) Thirty hours total, including 9 and 9.7 hours on two separate days, is not an unreasonable amount of time to prepare such a response to Defendants' summary judgment motion. Indeed, Defendants proffer nothing more than their conclusory assertion that Plaintiffs' counsel spent unnecessarily duplicative time responding to the motion but provide no basis for comparison, including, by way

of example, the amount of time Defendants' counsel billed for the motion for summary judgment. As such, the Court rejects Defendants' request to exclude 18.7 hours of time as duplicative.

### C. Block Billing and Lack of Specificity

Defendants next object to two time entries as "block billing," in which Plaintiffs' counsel pooled several activities together into one billing notation, and two time entries that Defendants contend lack specificity. (Opp'n Br. 10.)

| Date | Description | Time | Rate | Total |
|---|---|---|---|---|
| 10/19/2025 | (Joe Guzzardo) "legal research regarding anticipated evidentiary issues and preparation for trial; preparation of all deposition digests" [block] | 8.3 | $375.00 | $3,112.50 |
| 10/31/2025 | (Matt Moroney) "prepare for trial, responding to Mr. Lessig's letter brief" [block] | 7.0 | $375.00 | $2,625.00 |
| 10/6/2025 | (Matt Moroney) "prepare for trial" [specificity] | 10.2 | $375.00 | $3,825.00 |
| 12/6/2025 | (Matt Moroney) "Drafting" [specificity] | 3.9 | $375.00 | $1,462.50 |

Plaintiffs respond that the claimed block billing entries included preparing for the examinations of Mr. Kostyal and Ms. Richardson, along with further refinement of trial questions for Ms. Blackshear, Ms. Bradley, Ms. Fussell and Mr. Evangelista, and "strategizing the trial presentation." (Pls.' Reply 2.) With respect to the "drafting" entry for December 6, 2025, Plaintiffs acknowledge that the description is incomplete and attribute the error as a mistake, but they indicate in their reply that this entry represents time spent drafting the fee motion. (*Id.* at 2 n.2.) Finally, Plaintiffs offer to provide more specific entries if requested by the Court. (*Id.*)

In *Rode*, the Third Circuit addressed the appropriate standard for billing entries: "[A] fee petition should include 'some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates.'" *Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanatory Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). "However, 'it is not necessary to know the exact number of minutes

spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" *Id.* (quoting *Lindy Bros.*, 487 F.2d at 167).

The Court finds the billing entries here to be sufficient for the Court to determine the reasonableness of the time allotted. Each entry provided the general nature of the activity, the subject matter of the activity, the date the activity took place, the amount of time spent, and the attorney who performed the activity. With the exception of the entry described as "drafting," for which Plaintiffs now proffer an explanation, the entries provided enough information as to what hours were devoted to various activities and by whom for the Court to conclude that such time was reasonable.[5] As set forth in *Rode*, it is not necessary for the Court to know the precise activities for which each hour of the day was devoted. *Id.*

**D. Costs and Expenses**

Plaintiffs seek an award of expenses in the amount of $16,246.00. (Pls.' Br. 7.) These expenses included depositions and transcript costs ($7,184.20), costs for Plaintiffs' expert including his attendance at trial ($7,500.00), trial exhibit binders and documents ($1,095.66), parking and travel expenses ($331.94), and subpoena costs ($135.00). (*Id.*) Defendants challenge only $356.30 in costs associated with Fussell's unsuccessful union activity claim and $322.00 in costs for Plaintiffs' claims against Person-Polk. (Opp'n Br. 7, 9.) Defendants' response does not address Plaintiffs' request for the remaining $15,567.70 in costs and expenses. "[W]here a party fails to challenge the accuracy of representations set forth in a fee petition, the 'current submissions provide the necessary record basis for the district court's fee determination.'" *McDonald v. McCarthy*, 966 F.2d 112, 119 (3d Cir. 1992) (quoting *Brinker v. Guiffrida,* 798 F.2d 661, 668 (3d

[5] Insofar as Plaintiffs seek to recover 3.9 hours drafting the fee petition, the Court notes that a party may recover those hours reasonably devoted to preparation of a fee petition. *Rode*, 892 F.2d at 1192.

Cir. 1986)). Moreover, the Court finds that less than $16,000 in costs and expenses for a First Amendment case brought in 2020 and litigated through trial in 2025 is reasonable. The Court awards Plaintiffs their requested litigation costs, minus $678.30 for the costs associated solely with Plaintiffs' unsuccessful claims, for a total award of $15,567.70.

## CONCLUSION

After a slight reduction reflecting Plaintiffs' limited success at trial, Plaintiffs are awarded $245,037.50 in attorneys' fees and $15,567.70 in costs and expenses. This amount consists of Plaintiffs' requested fees, as calculated by the Court, in the amount of $249,262.50, minus $4,225.00 for the fees related exclusively to the unsuccessful union activity claim and claims against Person-Polk, and Plaintiffs' requested costs in the amount of $16,246.00, minus $678.30 for the expenses incurred exclusively for the unsuccessful claims. Plaintiffs may submit a Bill of Costs with invoices to the Clerk of Court.

An appropriate Order follows.

Dated: September 24, 2026

KAREN M. WILLIAMS
United States District Judge